**ASSOCIATED DRY GOODS CORP., a corporation, Stix, Baer & Fuller Division, Plaintiff-Respondent,**

v.

**Jacob M. WITTELS and Bertha Wittels, his wife, a/k/a Mrs. Jacob M. Wittels, Defendants-Appellants.**

No. 33416.

St. Louis Court of Appeals.

Missouri.

Jan. 20, 1970.

Morton L. Schwartz, St. Louis, for defendants-appellants.

H. Lawrence Miller, Clayton, Joseph A. Kirkwood, St. Louis, for plaintiff-respondent.

LYON ANDERSON, Special Commissioner.

This is an action instituted by Associated Dry Goods Company, a corporation, against Jacob M. Wittels and Bertha Wittels to recover a sum of money alleged to be due from defendants for rugs sold to them. The rugs were purchased from Stix, Baer & Fuller, a division of Associated Dry Goods Company. Defendants are husband and wife. A jury was waived, and the cause was tried before the court, resulting in a finding and judgment for plaintiff in the sum of $4,027.44. Defendants have appealed from said judgment.

Seven oriental rugs were involved in the sale. Defendants admit they are liable for the purchase price of four of the rugs, but contend there was a partial rescission of the agreement of purchase by a return of three of the seven rugs and acceptance and retention of them by Stix.

Plaintiff denies there was a rescission as claimed, but contends that the package containing the rugs was delivered, without its consent, to the loading dock of its St. Louis store; that plaintiff promptly notified defendants it would not accept a return of the rugs and credit their account with the value of the rugs. The rugs were never delivered to plaintiff's rug department, but were placed in the storage area of the store for delivery to defendants whenever they should call for them.

On April 23, 1965, Mr. Wittels went to the rug department of Stix, Baer & Fuller where he was waited upon by Mr. Mossotti, who was in charge of that department. At that time he selected twenty-five oriental rugs with the understanding he would take the rugs and select those he wanted, and, according to the testimony of Mr. Mossotti,

return those not wanted the following Monday, April 26, 1965. Mr. Mossotti further testified that it was understood that defendants would not be charged for the rugs returned on that date, but would be charged for those not returned. On the 26th defendants did return to the rug department eighteen of the rugs, leaving in their possession seven of the ones previously selected. The rugs were returned by an employee of Mr. Wittels. At that time a sales slip was prepared showing a sale of the seven rugs, and a charge for same was entered in the company's ledger. Thereafter regular monthly statements were sent to Mr. Wittels, but the account was never paid. Suit was filed January 24th, 1966.

Mr. Mossotti testified that in August or September 1965, Mr. Wittels called him on the telephone and asked permission to return some of the rugs, the exact number he did not recall. The request was refused. He stated that the rugs have not been returned to his department.

Mr. Wittels testified that when he selected the twenty-five rugs on April 23, 1965 the understanding was that if he did not sell all the rugs within two or three days, or in a week, he could return those he thought he could not sell. He stated that the reason Mossotti wanted the rugs returned within the time specified was because Stix was having a sale the following week.

Mr. Wittels was engaged in the business of selling things at auction and he contemplated holding such a sale at a private house on Lindell Blvd. at which time he contemplated selling the rugs obtained from plaintiff. However, he was unable to secure a license for such sale and for that reason returned eighteen of the rugs on Monday, April 26th, 1965. Mr. Wittels testified that a few days after April 26, 1965 he called Mr. Mossotti and told him he had another location for a sale in Clayton "and I was going to see whether or not I could use some oriental rugs out there." Mr. Wittels was asked what Mr. Mossotti

said. His answer was "* * * He said Okay." Mr. Wittels testified that nothing was said as to how long he could retain the rugs, but that he was billed for them each month. Mr. Mossotti testified that on April 23rd, 1965, when Wittels took the twenty-five rugs, the understanding was that he would not be charged for the rugs returned the following Monday, but he would be charged for the ones retained.

On January 24, 1966, suit was filed against Mr. and Mrs. Wittels. Subsequently, namely on May 19, 1966, Mr. Wittels directed one of his employees to return three of the rugs to Stix. This employee delivered the package containing the three rugs to the loading dock at plaintiff's store, and gave to the employee on duty there a piece of paper on which were listed the contents of the package. The clerk then stamped thereon, as was the custom, the following: "RECEIVED. MAIN STORE. May 19, 1966. STIX, BAER & FULLER. BY _____." Just below the date appears a signature, not legible, but no doubt that of the clerk on duty at the time. On cross-examination Mr. Wittels admitted that Mr. Mossotti refused to agree to the return of the rugs, stating: "So I went to work and I thought I will send these rugs back and see if they will refuse them." Mr. Wittels further testified that he brought them back in May 1966 "Because I had sold the four rugs and I had these three left and I sent them back. They were too high a price I couldn't sell them; * * *. Q And you took them back despite the fact you were told not to return them? A Yes, sir. I did. I said, 'I have no need for these rugs.' "

Defendants' first contention is that there was consent on the part of Stix to rescind the sales as to the three rugs by accepting them unconditionally and retaining them in its possession.

■ In our judgment the weight of the evidence does not support such claim. It is true that a contract may be rescinded by mutual consent of the parties. Such consent may be express or implied from the

acts of the parties. In the case at bar it is clear that the rugs were returned without the express consent of plaintiff. This fact is admitted by Mr. Wittels. There was evidence, undisputed, that Wittels was notified that the rugs had been delivered to plaintiff without authorization and that the buyers should pick them up. Of course, if they were delivered without the consent of plaintiff there was no duty on the plaintiff to return them. That duty rested upon Wittels, and the fact that the goods remained in storage at plaintiff's store is of no significance.

Defendants make much of the fact that the clerk at the loading dock received the package containing the rugs, and stamped the alleged receipt prepared by Mr. Wittels with the company's stamp. But this does not show an unconditional acceptance by plaintiff company. He was only a clerk and without authority to bind the company. His duties were merely to accept all packages delivered to the loading dock when advised by the party delivering same that it was for Stix, and stamp receipts when presented to him. This action on his part could not be such an acceptance by the company as to form the basis of a rescission.

Nor was there a contractual right to rescind which was timely exercised. According to plaintiff's evidence defendants had the privilege of returning any of the rugs selected on April 23rd, 1965 on Monday, April 26, 1965. According to defendants' evidence the period was one week from April 23, 1965. If this privilege be deemed a contractual right it was very limited and did not exist on May 19, 1966 when defendants attempted to return the three rugs.

Taken with the case was a motion filed by respondent to dismiss the appeal for failure to comply with Civil Rule 83.05(a), V.A.M.R. Said motion is overruled.

The judgment is affirmed.

PER CURIAM:

The foregoing opinion by LYON ANDERSON, Special Commissioner, is adopted as the opinion of this court. Motion to dismiss overruled. Judgment affirmed.

WOLFE, P. J., and BRADY and DOWD, JJ., concur.